**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

**v.** **CASE NO. 3:25cr117/MCR**

**ALAISJAH DAYSHAWN PERKINS**
_________________________________/

# PLEA AGREEMENT

## 1. PARTIES TO AGREEMENT

This agreement is entered into by and between Alaisjah Dayshawn Perkins as the defendant, Randall S. Lockhart as attorney for the defendant, and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Bureau of Alcohol, Tobacco, Firearms and Explosives, from asserting any civil, criminal, or administrative claim against the defendant.

## 2. TERMS

The parties agree to the following terms:

a. The defendant will plead guilty to Count Two (Receipt, Possession, Transfer, and Making of a Firearm Which is Not Registered in the National Firearms Registration & Transfer Record and Not Identified by a Serial Number) of the Indictment. The government will move to dismiss Count One (Unlawful Transfer



FILED IN OPEN COURT 2/26/26
CLERK, UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

and Possession of a Machine Gun) at sentencing. As to Count Two, Defendant faces a maximum of ten years imprisonment, three years of supervised release, a $10,000 fine, and a $100 special monetary assessment. The defendant agrees to pay the special monetary assessment(s) on or before the date of sentencing.

If the defendant is unable to pay the special assessment prior to sentencing due to indigence, the defendant agrees to participate in the Inmate Financial Responsibility Program.

The maximum sentence to which the defendant is subject includes the forfeiture of all forfeitable assets.

b. By voluntarily pleading guilty to the charges in the Indictment, the defendant, as to the counts pled herein, knowingly waives and gives up constitutional rights which attend a defendant on trial in a criminal case. These constitutional rights include: the right to plead not guilty; the right to have a jury or judge determine guilt on the evidence presented; the right to compel the government to prove guilt beyond a reasonable doubt; the right to confront and cross-examine witnesses; the right not to be compelled to incriminate oneself; the right to testify; the right to present evidence; and the right to compel the attendance of witnesses.

c. The defendant is pleading guilty because the defendant is in fact guilty of the charge alleged in Count Two of the Indictment. In pleading guilty, the

defendant acknowledges that, were this case to go to trial, the government would present evidence to support the charge beyond a reasonable doubt.

d. Upon the District Court's adjudication of guilt of the defendant for the charged crime(s), the United States Attorney, Northern District of Florida, will not file any further criminal charges against the defendant arising out of the same transactions or occurrences to which the defendant has pled. The defendant agrees that substantial evidence exists to support the charges, as indicated in the agreed-upon statement of facts incorporated by reference into this plea agreement.

e. Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

f. If the defendant is not a citizen of the United States, the defendant understands that this conviction may adversely affect the defendant's immigration status, and the defendant may be removed from the United States, denied citizenship in the United States, and denied admission to the United States in the future.

g. The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing the defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offenses.

h. Both parties reserve the right to advise the District Court and other authorities of their versions of the circumstances surrounding the offenses committed by the defendant. The United States Attorney further reserves the right to correct any misstatements by the defendant or the defendant's attorney and to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in 18 U.S.C. § 3553(a), including sentencing recommendations, and whether departure or variance upward or downward is appropriate.

3. SENTENCING

a. The defendant understands that any prediction of the sentence that may be imposed is not a guarantee or binding promise. Due to the variety and complexity of issues that may arise at sentencing, the sentence may not be subject to accurate prediction.

b. The parties understand and agree that either party may offer additional evidence relevant to sentencing issues. However, the Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings or a sentence greater than anticipated shall not be grounds for withdrawal of the defendant's plea.

c. The parties reserve the right to appeal any sentence imposed.

4. FORFEITURE OF ASSETS

a. The defendant agrees to forfeit to the government immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, whether in the possession or control of the government, the defendant, or the defendant's nominees. The assets to be forfeited specifically include, but are not limited to, the following:

i. 25 Machine Gun Conversion Devices.

The offense(s) to which the defendant is pleading guilty were perpetrated in whole or in part by the use of said assets.

b. The defendant admits and agrees that the conduct described herein and in the incorporated statement of facts provides a provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government and hereby agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, judicial, or administrative forfeiture action. The defendant hereby withdraws all claims and petitions that the defendant has filed in any forfeiture proceeding. The defendant also agrees to waive all challenges to any federal criminal, civil, judicial, or administrative forfeiture proceeding carried out in accordance with this Plea Agreement on any waivable ground.

c. At his sole discretion, the United States Attorney may decline to forfeit assets when the value, or level of equity, or interests not subject to forfeiture, or costs, or other factors make profitable forfeiture impractical.

d. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

e. The government and defendant hereby agree that any firearm as defined in 18 U.S.C. § 921, seized from defendant and currently in the custody and/or control of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and/or Escambia County Sheriff's Office (ECSO) were properly seized and are subject to forfeiture to the government. As such, defendant hereby relinquishes all claim, title and interest the defendant has in the firearms and ammunition to the government with the understanding and consent that ATF, ECSO, or other appropriate agency, may destroy forthwith the firearms described above without further obligation or duty whatsoever owing to defendant or any other person. As part of the plea agreement in this case, defendant in this case hereby states under penalty of perjury that the defendant is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to the firearms and/or silencer and/or destructive devices described above.

## CONCLUSION

In every case in the Northern District of Florida in which the parties enter a Plea Agreement, the Court requires the parties to enter a sealed Supplement to Plea Agreement indicating whether or not the defendant agrees to cooperate with the

government. The parties agree to the Supplement to Plea Agreement entered in this case.

The defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

JOHN P. HEEKIN
United States Attorney

RANDALL S. LOCKHART
Attorney for Defendant

CHRISTOPHER C. PATTERSON
Assistant United States Attorney

2/26/26
Date

ALAISJAH DAYSHAWN PERKINS
Defendant

2-12-26
Date